IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NOAH DON FAVRE                                                                              PLAINTIFF

VERSUS                                  CIVIL ACTION NO.: 1:21-cv-00328-TBM-BWR

HARRISON COUNTY, MISSISSIPPI, et al.                                        DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion [46] to Dismiss or, in the Alternative, for Summary Judgment filed by Defendants Memorial Hospital and Dana Jones. When he filed this lawsuit on October 26, 2021, Plaintiff Noah Don Favre was incarcerated at the Harrison County Adult Detention Center ("HCADC") in Gulfport, Mississippi. Compl. [1] at 1. Proceeding *pro se* and *in forma pauperis*, Favre filed this civil action under 42 U.S.C. § 1983, naming the following Defendants: Harrison County, Mississippi; Sheriff Troy Peterson; unnamed MBN agents; Dana Jones; Memorial Hospital; Sergeant B. Auringer; Investigator W. Collins; Deputy D. Boney; Deputy M. Giardini; Deputy R. Barber; Deputy M. Giouard; Deputy R. Hubbard; Deputy Z. Cobb; Investigator C. Serpas; Investigator D. Bryant; Investigator J. Johnson; Investigator J. Merritt; Investigator J. Putnam; Investigator K. French; K-9 Deputy C. Allen; K-9 Deputy B. Taylor; and Investigator J. Ladner.

On November 7, 2022, Defendants Memorial Hospital and Dana Jones filed this Motion [46] to Dismiss or, in the Alternative, for Summary Judgment. The Motion [46] is unopposed. The Court held the Motion [46] until the Omnibus Hearing on March 20, 2023, at which time Favre clarified his claims. *See Spears v. McCotter*,

766 F.2d 179, 181-82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing" to allow a *pro se* plaintiff to provide a "more definite statement"), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989). For the following reasons, the undersigned recommends that the Motion [46] to Dismiss, or in the Alternative, for Summary Judgment filed by Defendants Memorial Hospital and Dana Jones be granted in part and denied in part.

## I. BACKGROUND

### A. Favre's Allegations

Favre claims that the law-enforcement Defendants came to his home on October 22, 2020, to serve him with a warrant for violating his probation. Compl. [1] at 5; Resp. [22] at 1. He accuses the officers of shooting "several cans of gas in [his] camper," which burned his eyes, throat, nose, and skin. Compl. [1] at 5. During the altercation, the officers allegedly slammed Favre on his head and shot him three times with a taser. *Id*. He also says that they "beat on [him] for a long . . . time . . . for no reason whatsoever." Resp. [22] at 1. At that point, Favre says the officers threw him out of his camper with "no pants [or] boxers on," and he started coughing up blood. Compl. [1] at 5.

Favre testified that officers then took him to Memorial Hospital. *Id*. at 4-5. While he was handcuffed to the bed, an unnamed nurse allegedly "put a tube in [his] private area" and told him to "shut up" because he "ha[s] no rights." *Id*. at 4. During the nurse's examination, Favre claims that "15 to 20 plain clothes wearing police" gathered around his bed to laugh at him and "mak[e] fun of how [he] looked." Resp.

[22] at 3. Favre remembers waking up "days later in [the] Harrison County Jail laying in blood and [feces]." Compl. [1] at 4. At that time, he could not talk, his vision was poor, and his head was swollen with "several cracks and large indentions in his skull." *Id.*

Some time after this, Favre says that he experienced a bleeding episode at urgent care while being tested for COVID-19. *Id.* He was then told that he has life-threatening issues, for which he needed to see a doctor. *Id.* Eleven days later, Favre says that he was referred to a neurologist, but jail staff would not let the doctor examine him "in any way but words." *Id.*

Favre claims that he "still hurts [to] this day" because of the injuries that Defendants inflicted. Resp. [22] at 1. He claims several skull fractures and injuries to both shoulders. *Id.* He also claims that he "had to relearn how to speak" and suffers memory loss, eyesight problems, and headaches. *Id.* Favre also claims that he suffers "flash backs of what they did to [him]." *Id.* Favre reports that x-rays taken subsequent to the altercation show skull fractures and a broken collar bone, which healed on its own. *Id.*

### B. Clarification of Jones's Identity

Counsel for Defendants Memorial Hospital and Dana Jones represented to the Court at the Omnibus Hearing that there was some confusion about Dana Jones's identity. During his initial investigation of Favre's claims, counsel inquired of Memorial Hospital whether it had an employee named Dana Jones. Memorial Hospital advised that it does have an employee by that name, and she is employed as

a Rehab Tech and a Sterile Processing Tech. *See* Mot. [46-3] at 1. The Dana Jones employed by Memorial Hospital is not a registered nurse, nor has she ever provided patient care in the Emergency Department at Memorial Hospital. *Id.* Further, the Dana Jones employed by Memorial Hospital has never provided patient care at HCADC. *Id.* Believing this Dana Jones to be the target of Favre's lawsuit, counsel then moved to dismiss her as a Defendant because she "has never provide any care or treatment to Favre." Mem. [47] at 8.

After receiving a copy of the Motion [46], Favre advised the Court that the Dana Jones he intended to name as a Defendant "worked at Harrison County Jail," not Memorial Hospital. Mot. [48] at 1. At the Omnibus Hearing, Favre clarified that the proper Dana Jones worked as a nurse for the private healthcare contractor who provided services to inmates at HCADC. Counsel for the improper Dana Jones agreed that he had appeared on behalf of the wrong person.

For clarity, the Dana Jones named as a Defendant in this lawsuit either works or once worked as a nurse at HCADC and was employed by the healthcare contractor who provided services there. Counsel for Harrison County clarified at the Omnibus Hearing that the entity in question is VitalCore Health Strategies. Favre sues this Dana Jones for negligence and improper medical care, plus her failure to "report [his] condition as police brutality." *See* Resp. [22] at 5. The Dana Jones employed by Memorial Hospital is *not* a party to this lawsuit, and counsel for the improper Dana Jones was instructed to move to withdraw as counsel accordingly.

## II. STANDARDS OF REVIEW

"Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing FED. R. CIV. P. 12(b)(6)). A Rule 12(b)(6) motion "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Id.* at 162 (quotation omitted). Rule 12(b)(6) motions ultimately succeed where it "appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 161 (quotation omitted).

Alternatively, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quotation omitted). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007).

"Summary judgment is proper if the movant demonstrates that there is an absence of genuine issues of material fact." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "The movant accomplishes this by informing the court of the basis

for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Id.* "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges its initial burden of demonstrating entitlement to summary judgment." *Mack v. Waffle House, Inc.*, No. 1:06-cv-00559-RHW, 2007 WL 1153116, at *1 (S.D. Miss. Apr. 18, 2007) (quotation and brackets omitted). "[O]nce a properly supported motion for summary judgment is presented, the nonmoving party must rebut with 'significant probative' evidence." *Id.* (quoting *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978)).

### III. DISCUSSION

The Motion [46] to Dismiss or, in the Alternative, for Summary Judgment filed by Memorial Hospital and Dana Jones should be granted in part and denied in part. Favre admits that he failed to comply with the notice requirements of the Mississippi Tort Claims Act ("MTCA") before suing Memorial Hospital, so he cannot maintain this lawsuit against it. But the Dana Jones contemplated by the Motion [46] is not a party to this lawsuit, and the properly named party is not entitled to dismissal as a Defendant because she has not been served or answered Favre's Complaint.

**A. Memorial Hospital**

Against Memorial Hospital, Favre alleges negligence, "improper medical care," "medical malpractice," and that it failed to "report [his] condition as police brutality." Resp. [22] at 5. Favre cites no authority for the proposition that a hospital is obligated to report suspected "police brutality." And each of his remaining claims sounds in

6

state tort law. *See generally Pickens v. Donaldson*, 748 So. 2d 684 (Miss. 1999) (applying the MTCA to a medical-malpractice action alleging negligence against hospital physicians).

Plaintiffs suing governmental entities under Mississippi state tort law must abide by the MTCA. *Harden v. Field Mem'l Cmty. Hosp.*, 265 F. App'x 405, 409 (5th Cir. 2008); *see also City of Jackson v. Brister*, 838 So. 2d 274, 278 (Miss. 2003) ("The MTCA is the exclusive remedy for filing a lawsuit against governmental entities and its employees."). And Memorial Hospital is a governmental entity for purposes of the MTCA. *E.g.*, *Moore ex rel. Moore v. Mem'l Hosp. of Gulfport*, 825 So. 2d 658, 666 (Miss. 2002); *Enroth v. Mem'l Hosp. at Gulfport*, 566 So. 2d 202, 206 (Miss. 1990).

Under the MTCA, plaintiffs must provide 90 days' written notice to governmental entities before filing suit. MISS. CODE ANN. § 11-46-11(1).[1] "This notice must contain the facts underlying their claims, which necessarily include: (1) the circumstances which brought about the injury, (2) the extent of the injury, (3) the time and place the injury occurred, (4) the names of all persons known to be involved, (5) the amount of money damages sought, (6) plaintiff's residence at the time of the injury, and (7) plaintiff's residence at the time of filing the notice." *Harden*, 265 F. App'x at 409 (citing MISS. CODE ANN. § 11-46-11(2)). "Compliance with the notice requirements of the MTCA 'is a hard-edged, mandatory rule which the [Mississippi Supreme Court] strictly enforces.'" *Joiner v. Greene Co.*, No. 1:19-cv-00014-HSO-

---

[1] "After all procedures within a governmental entity have been exhausted, any person having a claim under this chapter shall proceed as he might in an action at law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity." MISS. CODE ANN. § 11-46-11(1).

7

JCG, 2020 WL 4572683, at *4 (S.D. Miss. Aug. 7, 2020) (quoting *Price v. Clark*, 21 So. 3d 509, 519 (Miss. 2009) (quotation omitted)).

Favre made no effort whatsoever to comply with the MTCA's notice requirements before suing Memorial Hospital. His Complaint makes no reference to the MTCA and "does not allege that any conditions precedent, namely proper notice, have been satisfied prior to filing suit." *See Owens v. Pearl River Community Coll.*, No. 2:21-cv-00140-KS-MTP, 2022 WL 1434651, at *7 (S.D. Miss. May 5, 2022). Favre confirmed as much at the Omnibus Hearing, and Memorial Hospital's President and Chief Executive Officer testified by affidavit that he has "never received a notice of claim . . . from the Plaintiff, including prior to the initial filing of this action." Mot. [46-1] at 2. Because Favre failed to comply with the MTCA's notice requirements, he cannot maintain his negligence and medical-malpractice claims against Memorial Hospital. *See Stewart v. Perry*, No. 1:07-cv-01270-JG-JMR, 2009 WL 112091, at *2 (S.D. Miss. Jan. 14, 2009) (dismissing a plaintiff's state-law claims against Singing River Hospital for failure to timely comply with the MTCA's notice requirements); *Montgomery v. Mississippi*, 498 F. Supp. 2d 892, 905 (S.D. Miss. 2007) (finding that a plaintiff's state-law claim was procedurally barred for failure to comply with the MTCA's notice requirements). Inasmuch as Favre has alleged no federal claims against Memorial Hospital, it should be dismissed as Defendant.

### B. Dana Jones

Dana Jones should not be dismissed as Defendant pursuant to the instant Motion [46] because it does not contemplate the proper Dana Jones. As discussed

above, the Dana Jones that is a Defendant in this lawsuit either works or once worked as a nurse at HCADC. The Dana Jones that currently works for Memorial Hospital is *not* a Defendant in this lawsuit. As a result, the undersigned does not entertain and resolve the argument that the Dana Jones discussed in the instant Motion [46] was not employed by Memorial Hospital on October 22, 2020, and has never provided Favre with patient care.

## IV. RECOMMENDATION

The Motion [46] to Dismiss or, in the Alternative, for Summary Judgment filed by Defendants Memorial Hospital and Dana Jones should be granted in part and denied in part. Favre's claims against the properly named Dana Jones should proceed. An Order issuing Notice of Lawsuit and Request for Waiver of Service should be issued for Dana Jones, to the attention of VitalCore Health Strategies.

## V. NOTICE OF RIGHT TO APPEAL/OBJECT

Within fourteen days of being served with a copy of this Report and Recommendation, any party may serve and file written objections with the Clerk of Court. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. Within seven days of service of the objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections. L. U. Civ. R. 72(a)(3).

The District Judge shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made

by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *See Wallace v. Miss.*, 43 F.4th 482, 494-95 (5th Cir. 2022) (collecting cases).

**SO ORDERED**, this the 27th day of March, 2023.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE