IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NOAH DON FAVRE**　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**VERSUS**　　　　　　　**CIVIL ACTION NO.: 1:21-cv-00328-TBM-BWR**

**HARRISON COUNTY, MISSISSIPPI, et al.**　　　　　　**DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is Plaintiff Noah Don Favre's Motion [69] to Add Defendants. Plaintiff asks the Court to add Dana Jones and Vital Core as Defendants herein. Mot. [69] at 1. For the following reasons, the undersigned recommends that Plaintiff's Motion [69] be denied.

To start, Dana Jones is already a named Defendant and need not be "add[ed]." *See id.* To the extent that Plaintiff wishes to name her as a Defendant, or confirm her participation as a Defendant, his Motion [69] should be denied as moot.

Plaintiff next seeks to add as Defendant Vital Core, "the private medical company" operating at Harrison County Adult Detention Center. *Id.* Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave [to amend] when justice so requires." This language "evinces a bias in favor of granting leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quotation omitted). "The Supreme Court delineates five factors for a court to consider when deciding whether leave to amend a complaint should be granted: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment."

*Drummond v. Cajun Valve Servs., LLC*, No. 2:20-cv-00037-TBM-MTP, 2021 WL 6618595, at *2 (S.D. Miss. Oct. 8, 2021) (citations omitted).

"An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). The undersigned thus reviewed Plaintiff's proposed amendment "under 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *See id.* (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)). "The question is therefore whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted).

Plaintiff has failed to allege sufficient facts to maintain this action against Vital Core. A private corporation like Vital Core "may be sued under § 1983 by a prisoner who has suffered an alleged constitutional injury." *Holton v. MTC*, No. 3:17-cv-00485-RHW, 2018 WL 2424427, at *2 (S.D. Miss. May 29, 2018). "Although not subject to vicarious liability for the constitutional torts of its employees, a private corporation such as [Vital Core] may be held liable under § 1983 when an official policy or custom of the corporation causes, or is the moving force behind, the alleged deprivation of federal rights." *Id.* (collecting cases).

The Court thus ordered Plaintiff to file a written response "to specifically allege which policies, practices, or customs, including dates, establish that VitalCore violated his constitutional rights." Order [70] at 2. In response, Plaintiff accuses Vital Core of committing "medical malpractice" and providing "improper medical

care," and he believes that Vital Core aided the police in covering up the incident of excessive force against him. Resp. [74] at 3-4. At no point does he allege that Vital Core has an official policy or well-settled custom of committing medical malpractice, mistreating inmates, or obfuscating constitutional violations committed by the police. Nor does he identify a policymaker responsible for defining the contours of any such corporate policy. His allegations merely represent what he says happened to him in one instance, and he could not recover against Vital Core on that basis. *E.g., Wallace v. Robertson*, No. 3:19-cv-00726-FKB, 2022 WL 17254316, at *2 (S.D. Miss. Nov. 28, 2022) (granting summary judgment to Centurion because Plaintiff "failed to show that some Centurion policy or practice caused his alleged constitutional violation"); *Pinkston v. Miss. Dep't of Corr.*, No. 4:17-cv-00039-DMB-DAS, 2018 WL 3579473, at *8 (N.D. Miss. July 25, 2018) (same); *Holton*, 2018 WL 2424427, at *2 (granting Centurion's motion to dismiss and motion for summary judgment for the same reason). Plaintiff's requested amendment with respect to Vital Core would be futile.

## RECOMMENDATION

The undersigned recommends that Plaintiff Noah Don Favre's Motion [69] to Add Defendants be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within fourteen days of being served with a copy of this Report and Recommendation, any party may serve and file written objections with the Clerk of Court. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. Within seven days of service of the objections,

the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections. L. U. Civ. R. 72(a)(3).

The District Judge shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *See Wallace v. Miss.*, 43 F.4th 482, 494-95 (5th Cir. 2022) (collecting cases).

**SIGNED**, this the 27th day of April, 2023.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE