IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NOAH DON FAVRE                                                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 1:21-cv-328-TBM-BWR

HARRISON COUNTY, MISSISSIPPI, *et al.*                                              DEFENDANTS

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on submission of the Report and Recommendation [77] entered by United States Magistrate Judge Bradley W. Rath on April 27, 2023. Noah Don Favre requests to add Dana Jones and Vital Core as Defendants. [69]. Judge Rath recommends that the Motion [69] to Add Defendants be denied because Favre's requested amendment with respect to Vital Core would be futile. Favre timely filed an Objection [83] to the Report and Recommendation. As discussed fully below, Favre's Objection is overruled, and the Report and Recommendation is adopted as the opinion of this Court.

### I. INTRODUCTION

Favre claims he listed "Nurse Staff ABC to be named" on the Complaint because he did not know the name of Vital Core at the time of filing. [83]. After discovering Vital Core's identity, Favre sought to add Vital Core as a Defendant. [69]. The Court entered an Order [70] requiring Favre to provide additional details as to Vital Core. Specifically, to "allege which policies, practices, or custom, including dates, establish that Vital Core violated his constitutional rights." [70], p. 2.

Instead of complying, Favre replied merely stating that Vital Core committed "medical malpractice." [74], p. 3. Favre also alleged that Vital Core aided the police in covering up the

alleged excessive force used against him. *Id.* Judge Rath entered a Report and Recommendation on March 23, 2023, recommending that Favre's Motion [69] be denied. [77], p. 3. Judge Rath concluded that Favre failed to allege that "Vital Core has an official policy or well-settled custom of committing medical malpractice, mistreating inmates, or obfuscating constitutional violations committed by the police." *Id.* at 3. "Nor does [Favre] identify a policymaker responsible for defining the contours of any such corporate policy." *Id.* Judge Rath explained that the addition of Vital Core would be futile since Favre "has failed to allege sufficient facts to maintain this action against Vital Core." [77], pps. 2-3. Favre timely objected. [83].

## II. STANDARD OF REVIEW

It is well-settled that "parties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson*, 2015 WL 5089782, *2 (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review[.]" *Id.* When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## III. DISCUSSION AND ANALYSIS

Favre claims he has "no way of knowing Vital Core['s] policy" in response to the Court's Order [70] and Report and Recommendation [77]. The Order [70] required that he "allege which policies, practices, or custom, including dates, establish that Vital Core violated his constitutional rights." [70]. Favre did not comply with the Court's Order. Instead, Favre simply asked the Court to "add [Vital Core] in the place of ABC to be named" and stated he has "no way of knowing there [sic] policy that is why [he] asked" for counsel to be appointed. [83].

Favre claims he did not know the identity of Vital Core at the time of filing. [83]. He contends he used "ABC to be named" on his complaint to identify unknown parties. [83]. Judge Rath ordered Favre to respond and supply the Court with additional details to determine whether the amendment would be futile. [70]. Favre did not provide the necessary details as ordered by Judge Rath. [70]; [77]. "His allegations merely represent what he says happened to him in one instance, and he could not recover against Vital Core on that basis." [77], p. 3. Judge Rath concluded that Favre's "requested amendment with respect to Vital Core would be futile." [77], p. 3.

In his Objection [83], Favre reurged the facts within his Complaint and stated that he has "no way of knowing Vital Core['s] policy that is why [he] asked . . . for a lawyer because" he does not "know what [he is] doing" [83].[1] "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Judge Rath concluded that Favre's proposed amendment in the light most favorable to

---

[1] "A civil litigant proceeding under § 1983 has no constitutional or absolute statutory right to counsel." *Blacknell v. Hukill*, 988 F.2d 1211 (5th Cir. 1993) (per curiam) (citing *Ulmer v. Chancelor*, 691 F.2d 209, 212-13 (5th Cir. 1982)).

him, failed to allege sufficient facts to maintain this action against Vital Core. [77], p. 2. Favre's Objection does not identify which policies, practices, or custom establish that Vital Core violated his constitutional rights.

Having conducted a *de novo* review of the objected-to portion of the Report and Recommendation, the Court finds no grounds for modifying Judge Rath's findings and conclusions.

### IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Favre's Objection [83] to the Report and Recommendation is OVERRULED.

IT IS FURTHER ORDERED AND ADJUDGED that the Report and Recommendation [77] entered by United States Magistrate Judge Bradley W. Rath on April 27, 2023, is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGDED that the Favre's Motion [69] to Add Defendants is DENIED.

THIS, the 28th day of June, 2023.

                                                             _____
                                                             **TAYLOR B. McNEEL**
                                                             **UNITED STATES DISTRICT JUDGE**